IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN N. WILLIAMS,

                Plaintiff,

  v.                                     1:06-cv-2161-WSD

MICHELLE MARTIN,
KATHLEEN KENNEDY, LT.
HATCHER, JOHN DOE
CORRECTIONS OFFICERS,

                Defendant.

**OPINION AND ORDER**

This matter is before the Court on the Defendants' Joint Motion to Dismiss [13].

I.     BACKGROUND

Plaintiff Brian N. Williams ("Williams") was formerly incarcerated at Philips State Prison in Buford, Georgia. Williams alleges that on October 5, 2004, during the period of his incarceration, he was beaten and seriously injured by Defendant Lt. Hatcher ("Hatcher"), a corrections officer employed at the prison, and other unidentified corrections officers. Williams alleges that the beating was unprovoked, planned, and vicious. Williams further alleges that Defendants Michelle Martin and

Kathleen Kennedy, the warden and deputy warden of the prison, implicitly condoned the attack and displayed deliberate indifference to Williams's safety and health.

On September 11, 2006, Williams filed a Complaint seeking relief for alleged violations of Williams's civil rights under 42 U.S.C. § 1983.  Williams alleged specifically that he had been beaten in violation of his federal Constitutional rights, his rights under the Georgia constitution and laws, and under 18 U.S.C. § 2340, a criminal law forbidding torture in certain circumstances and enacted pursuant to treaty.

Defendants jointly filed the present Motion to Dismiss.  Defendants do not dispute that Williams can pursue § 1983 claims for alleged violations of his federal rights, but argue that Georgia law and 18 U.S.C. § 2340 do not grant rights actionable in a § 1983 suit.

## II.   DISCUSSION

It is axiomatic that § 1983 provides a cause of action only for federal rights, and does not extend to the violation of every law.  <u>Blessing v. Freestone</u>, 520 U.S. 329, 340 (1997).  The violation of a federal statute does not necessarily give rise to a remedy under § 1983.  <u>City of Rancho v. Palos Verdes, Cal. v. Abrams</u>, 544 U.S.

113 (2005). Courts look to three factors to determine whether a particular statutory provision gives rise to a federal right:

> First, Congress must have intended that the provision in question benefit the plaintiff. Second, the plaintiff must demonstrate that the right assertedly protected by the statute is not so "vague and amorphous" that its enforcement would strain judicial competence. Third, the statute must unambiguously impose a binding obligation on the States. In other words, the provision giving rise to the asserted right must be couched in mandatory, rather than precatory, terms.

Id. at 340-41. "Where the text and structure of a statute provide no indication that Congress intends to create new individual rights, there is no basis for private suit, whether under § 1983 or under an implied right of action." Gonzaga University v. Doe, 536 U.S. 273, 283 (2002).

State laws and constitutions do not provide independent bases for § 1983 suits. See Baker v. Collan, 443 U.S. 137, 142 (1979). Violation of a state law or constitution becomes relevant in a § 1983 claim only to the extent that it implicates a violation of federal rights. Id.

Williams's assertion of 18 U.S.C. § 2340 and the Georgia constitution and laws as predicates for his § 1983 claim is inappropriate. 18 U.S.C. § 2340B states: "Nothing in this chapter shall be construed . . . as creating any substantive or

3

procedural right enforceable by law by any party in any civil proceeding." Section 2340B states plainly that § 2340 does not confer any individual rights. Section 1983 therefore cannot provide a remedy for violations of § 2340. The Georgia constitution and laws are also outside of the scope of § 1983. While proof that the Defendants violated Georgia law might be relevant to proving the violation of a federal right, Georgia law itself cannot give rise to a § 1983 claim.[1]

## III.  CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss [13] is **GRANTED**. Plaintiff's claims under 42 U.S.C § 1983, to the extent based on violations of 18 U.S.C. § 2340 or on violations of Georgia law are **DISMISSED**.

**SO ORDERED** this 19th day of March, 2007.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[1] Defendants argue at length that Williams's claims under Georgia law are barred by the sovereign immunity granted by the Georgia Tort Claims Act. The Complaint alleges only a federal § 1983 claim, and Williams represents in his Response that the Complaint does not allege any state law claims. Defendants' argument is thus irrelevant to the issue, which is the permissible scope of Williams's federal claim.